# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS RAPAK, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br>vs.<br><br>JAMES STANLEY d/b/a J.S. PAVING d/b/a JS ASPHALT PAVING, and JOHN DOES 1-10<br><br>Defendants. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Nicholas Rapak ("Plaintiff"), individually and on behalf of all others similarly situated, asserts the following against Defendant James Stanley d/b/a J.S. Paving d/b/a JS Asphalt Paving ("Stanley") and Defendant John Does 1-10 (collectively together "Defendants"), based upon personal knowledge, where applicable, information and belief, and the investigation of counsel.

## INTRODUCTION

1. This case challenges Defendants' policy and practice of sending unsolicited fax advertisements to Plaintiff and Class members in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the regulations the Federal Communications Commission ("FCC") has prescribed thereunder, 47 C.F.R. § 64.1200, the Pennsylvania Unsolicited Telecommunication Advertisement Act, 73 Pa. Stat. Ann. § 2250.1 *et seq.*, the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. § 201-1 *et seq.*, and the common law.

2. To protect consumers from unsolicited fax advertisements, Congress passed the Telephone Consumer Protection Act in 1991 and amended it with the Junk Fax Prevention Act in

2005. *See* Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified as amended at 47 U.S.C. § 227); Pub. L. No. 109-21, 119 Stat. 359 (2005) (codified at 47 U.S.C. § 227). Congress authorized the Federal Communications Commission to issue regulations to implement the TCPA. *See* 47 U.S.C. § 227(b)(2).

3. The TCPA prohibits the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." *Id.* § 227(b)(1)(C).

4. The TCPA defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." *Id.* § 227(a)(5).

5. The TCPA contains an exception that permits certain unsolicited faxes. An unsolicited fax is permissible when, among other requirements, the sender has an "established business relationship" with the recipient and includes an "opt-out" notice on the fax. *See id.* § 227(b)(1)(C), (b)(2)(D).

6. The TCPA supplies a private right of action for fax recipients to sue fax senders for violations of the TCPA or its regulations, *see id.* § 227(b)(3), and violators face stiff penalties. Violators are liable for the greater of a plaintiff's actual damages or $500 per violation. *Id.* And if a court finds that a defendant "willfully or knowingly" violated the TCPA, it may treble the damages. *Id.*

7. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of his/her fax machine, paper, and ink toner. An unsolicited fax also causes the recipient to waste valuable time he or she would have spent on something else. Unsolicited faxes prevent fax

machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

8. On July 9, 2020, Defendants sent Plaintiff and Class members an unsolicited fax advertisement in violation of the TCPA, related Pennsylvania state statutes, and the common law. *See* Exhibit A attached to this Complaint.

9. Exhibit A advertises the goods and services of Defendant Stanley's asphalt paving business. Plaintiff and Class members did not expressly consent to receive any advertisement from Defendant Stanley, and these advertisements were therefore unsolicited. Moreover, Plaintiff **does not** have an "established business relationship" with Defendant Stanley.

10. Plaintiff and Class members seek an award of statutory damages for each violation of the TCPA, as well as an award of statutory damages, costs, and attorneys' fees under aforementioned Pennsylvania state statutes and the common law.

## **PARTIES**

**Plaintiff**

11. Plaintiff Nicholas Rapak ("Plaintiff") is a natural person and citizen of the Commonwealth of Pennsylvania and a resident of Montgomery County.

**Defendants**

12. Defendant James Stanley ("Defendant Stanley") is a natural person and citizen of the Commonwealth of Pennsylvania and a resident of Bucks County.

13. Defendant Stanley operates an asphalt paving business as a sole proprietorship and does business under the name "J.S. Paving" and also under the name "JS Asphalt Paving" (collectively "d/b/a J.S. Paving d/b/a JS Asphalt Paving").

14. Records from the Pennsylvania Department of State indicate that Defendant Stanley filed an Application for Registration of a Fictious Name on May 26, 1992 for the fictious name "J.S. Paving."

15. Records from the Pennsylvania Office of Attorney General indicate that "J.S. Paving" is registered pursuant to the Home Improvement Consumer Protection Act, having HIC number "PA036915," and located at 304 Parkview Avenue, Langhorne, PA 19047.

16. Upon information and belief, "JS Asphalt Paving" is not registered with the Pennsylvania Department of State as a fictious name or with the Pennsylvania Office of Attorney General.

17. Defendant Stanley approved, authorized and participated in a scheme to broadcast advertisements by facsimile by (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the advertisements by fax; (c) creating and approving the form of advertisements to be sent; (d) determining the number and frequency of the facsimile transmissions; and (e) approving or paying the employees or third parties to send the advertisements by facsimile transmission.

18. Whereby at all relevant times James Stanley and "J.S. Paving" and "JS Asphalt Paving" were one in the same entity.

19. Defendants John Does 1-10 are other responsible parties who will be identified through discovery.

**JURISDICTION AND VENUE**

20. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, namely the Telephone Consumer Protection Act, 47 U.S.C. § 227.

21.     This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) since Plaintiff's state law claims are related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

22.     This Court has personal jurisdiction over Defendant Stanley because Defendant Stanley (1) resides in Pennsylvania, (2) maintains his principal place of business in Pennsylvania, (3) conducts substantial business in and throughout Pennsylvania, and (4) the wrongful acts alleged in the Complaint were committed largely in Pennsylvania.

23.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendant Stanley's residence and business operations are headquartered in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District. Venue is also proper because Defendant Stanley regularly transacts business here.

## FACTUAL ALLEGATIONS

24.     On July 9, 2020, Plaintiff received an unsolicited advertisement on his fax machine. A copy of the fax advertisement is attached hereto and marked as Exhibit A.

25.     The unsolicited fax advertisement was sent, or caused to be sent, by Defendants.

26.     The fax contained in Exhibit A advertises the business services offered by Defendant Stanley's asphalt paving business under the name "JS Asphalt Paving."

27.     Upon the investigation of counsel, the telephone number contained on Exhibit A ((267) 334-5377) corresponds to a pre-recorded message that announces itself as "J.S. Paving."

28.     Defendants did not have Plaintiff's prior express invitation or permission to

send an unsolicited fax advertisement to Plaintiff. On information and belief, Defendants did not have prior express invitation or permission to send unsolicited fax advertisements to any of the other Class member recipients.

29. Plaintiff does not know Defendant Stanley. Plaintiff has never done business with "J.S. Paving" or "JS Asphalt Paving," nor does Plaintiff have an "established business relationship" with Defendant Stanley.

30. There is no reasonable means for Plaintiff or Class members to avoid receiving illegal faxes without shutting their fax machines off altogether.

31. On information and belief, Defendants sent the same facsimiles to Plaintiff and other Class member recipients without first receiving the recipients' express permission or invitation. This allegation is based, in part, on the fact that Plaintiff never gave permission to anyone to send the subject fax advertisement to him, that Plaintiff never conducted business with Defendant Stanley, and that sending advertisements by fax is a very cheap way to reach a wide audience.

32. The fax contained in Exhibit A states that "JS Asphalt Paving" "serv[es] Philadelphia, New Jersey, and Delaware" and that the business provides "Commercial – Industrial – [and] Residential" asphalt paving services. On information and belief, hundreds, if not thousands of residents in those three states received a fax advertisement akin to Exhibit A given Defendant Stanley's geographic area of operations and wide-ranging types of paving services he offers to provide.

**CLASS ACTION ALLEGATIONS**

33. In accordance with Fed. R. Civ. P. 23, Plaintiff brings this action on behalf of the following Nationwide Class of persons:

> All recipients to which an unsolicited facsimile advertisement transmission was sent by or on behalf of JS Asphalt Paving advertising the services of JS Asphalt Paving at any time between four years prior to the filing of this suit to and including the present (the "Class Period").

34. Excluded from the Class is Defendant Stanley and his family members; all employees of Defendant Stanley and his business; all persons who make a timely election to be excluded from the Class; government entities; and the judge to whom this case is assigned, including his/her immediate family and court staff.

35. Plaintiff reserves the right to modify, expand, or amend the above Class definition or to seek certification of a Class or Subclasses defined differently than above before any court determines whether certification is appropriate following discovery.

36. Certification of Plaintiff's claims for class-wide treatment is appropriate because all elements of Fed. R. Civ. P. 23(a) and (b)(2)-(3) are satisfied. Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in an individual action alleging the same claims.

37. **Numerosity:** All requirements of Fed. R. Civ. P. 23(a)(1) are satisfied. The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. While Plaintiff is informed and believes that there are hundreds, if not thousands of members of the Class, the precise number of Class members is unknown to Plaintiff. These estimates are based on the fact that Defendant Stanley's unsolicited fax advertisement advertises its services in three states—Pennsylvania, New Jersey, and Delaware, as well as offering a wide range of asphalt paving services to different types of customer groups, including commercial, industrial, and residential. Class members may be identified through objective means. Class members may be notified of the pendency of this action by recognized,

court-approved notice dissemination methods, which may include U.S. mail, electronic mail, facsimile transmission, internet postings, and/or published notice.

38.     **Commonality and Predominance:** All requirements of Fed. R. Civ. P. 23(a)(2) and 23(b)(3) are satisfied. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

a.      Whether Defendants sent unsolicited fax advertisements;

b.      Whether Defendants' fax advertisements advertised the commercial availability of property, goods or services;

c.      The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit A and other unsolicited faxed advertisements;

d.      Whether Defendants faxed advertisements without first obtaining the recipients' prior express permission or invitation;

e.      Whether Defendants sent the faxed advertisements "willfully or knowingly;"

f.      Whether Defendants violated the provisions of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200;

g.      Whether Defendants violated the provisions of 73 Pa. Stat. Ann. § 2250.3;

h.      Whether Defendants violated the provisions of 73 Pa. Stat. Ann. § 2250.4;

i.      Whether Defendants violated the provisions of 73 Pa. Stat. Ann. § 201–1 *et seq.*;

j.      Whether Defendants violated the common law;

k.      Whether Plaintiff and the other members of the Class are entitled to statutory damages; and

l.      Whether the Court should award trebled damages.

39.     **Typicality:** All requirements of Fed. R. Civ. P. 23(a)(3) are satisfied. Plaintiff is a

member of the Class. Plaintiff's claims are typical of the claims of all Class members because Plaintiff, like other Class members, received an unsolicited facsimile advertisement sent by or on behalf of Defendants that advertised Defendant Stanley's goods and services during the Class Period. Plaintiff is making the same claims and seeking the same relief for himself and all Class members based on the same federal and state statutes as well as the common law, and Defendants have acted the same or in a similar manner with respect to Plaintiff and all the Class members.

40. **Adequacy of Representation:** All requirements of Fed. R. Civ. P. 23(a)(4) are satisfied. Plaintiff is an adequate Class representative because he is a member of the Class and his interests do not conflict with the interests of other Class members that he seeks to represent. Plaintiff is committed to pursuing this matter for the Class with the Class's collective best interests in mind. Plaintiff has retained counsel competent experienced in consumer class action litigation and Plaintiff intends to prosecute this action vigorously. Plaintiff, and his counsel, will fairly and adequately protect the Class's interests.

41. **Predominance and Superiority:** All requirements of Fed. R. Civ. P. 23(b)(3) are satisfied. As described above, common issues of law or fact predominate over individual issues. Resolution of those common issues in Plaintiff's case will also resolve them for the Class's claims. In addition, a class action is superior to any other available means for the fair and efficient adjudication of this controversy and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for members of the Class to individually seek redress for Defendants' wrongful conduct. Even if Class

members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

42. **Cohesiveness:** All requirements of Fed. R. Civ. P. 23(b)(2) are satisfied. Defendants have acted, or refused to act, on grounds generally applicable to the Class such that final declaratory or injunctive relief is appropriate.

## CAUSES OF ACTION

## COUNT I

## TELEPHONE CONSUMER PROTECTION ACT

## (47 U.S.C. § 227)

43. Plaintiff re-alleges and incorporates by reference all preceding allegations as if fully set forth herein.

44. Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by sending unsolicited advertisements—Exhibit A—to Plaintiff's and Class members' telephone facsimile machines without first obtaining their prior express permission or invitation, because no prior established business relationship existed, and there was no "opt-out" notice contained on the fax.

45. The TCPA makes unlawful the "use [of] any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…" 47 U.S.C. § 227(b)(l)(C).

46. The TCPA defines "telephone facsimile machine" as "equipment which has the

capacity (A) to transcribe text or images, or both, from paper into an electronic signal and to transmit that signal over a regular telephone line, or (B) to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper." *Id.* § 227(a)(3).

47. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." *Id.* § 227(a)(5).

48. Defendants sent Plaintiff and Class members unsolicited advertisements to their telephone facsimile machines promoting and advertising Defendant Stanley's asphalt paving business. Plaintiff has never provided Defendant Stanley his prior express invitation or permission, in writing or otherwise, to send materials to him by fax. On information and belief, Defendants did not have prior express invitation or permission to send unsolicited fax advertisements to any of the other Class member recipients of Defendants' faxes.

49. The TCPA provides a:

Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--

    (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

    (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

    (C) both such actions.

*Id.* § 227(b)(3).

50. The Court, in its discretion, may treble the statutory damages if it determines that a violation was knowing or willful. *Id.* § 227(b)(3).

51. It is a violation of the TCPA to send an unsolicited fax advertisement, *unless* the unsolicited advertisement contains a "opt-out" notice meeting the requirements under Section 227(b)(2)(D)(i) – (vi) and 47 C.F.R. § 64.1200(a)(4)(iii)(A) – (E). No such compliant "opt-out" notice was included on the fax that Plaintiff and Class members received from Defendants.

52. Facsimile advertising imposes burdens on recipients that are distinct from the burdens imposed by other types of advertising. The required "opt-out" notice provides recipients the necessary information to opt-out of future fax transmissions, including a notice that the sender's failure to comply with the opt-out request will be unlawful.

53. Defendants' unsolicited advertisement fails to include a compliant opt-out notice under 47 U.S.C. § 227(b)(2)(D) and 47 C.F.R. §64.1200(a)(4)(iii). *See* Exhibit A.

54. The TCPA is a strict liability statute, so Defendants are liable to Plaintiff and the other Class members even if their actions were only negligent.

55. Even if Defendants did not intend to injure Plaintiff and the other Class members, did not intend to violate their privacy, and did not intend to waste their valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

56. If Defendants' actions were willful or knowing, then the Court has the discretion to increase the statutory damages up to 3 times the amount.

57. Defendants are liable for the fax advertisements at issue because it sent the faxes, caused the faxes to be sent, participated in the activity giving rise to or constituting the violation, or the faxes were sent on their behalf.

58. Defendants knew or should have known that (a) Plaintiff and the other Class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services, (b) that Plaintiff and the other Class

members did not have an established business relationship, (c) that Exhibit A is an unsolicited advertisement, and (d) the TCPA imposes and requires compliant opt-out notice language on the unsolicited faxes.

59. Defendants' actions caused damages to Plaintiff and the other Class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's and Class members' fax machines, cost Plaintiff and Class members time that was wasted receiving, reviewing and routing Defendants' illegal faxes that otherwise would have been spent on Plaintiff's personal and business activities, and Defendants unlawfully interrupted Plaintiff's and Class members' privacy interests in being left alone.

60. Wherefore, Plaintiff individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant Stanley and Defendants John Does 1-

## COUNT II

## UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

### (73 Pa. Stat. Ann. § 201–1 *et seq.*)

61. Plaintiff re-alleges and incorporates by reference all preceding allegations as if fully set forth herein.

62. A violation of the Pennsylvania Unsolicited Telecommunication Advertisement Act "shall constitute a violation of the…Unfair Trade Practices and Consumer Protection Law." 73 Pa. Stat. Ann. § 2250.5(a).

63. Pennsylvania's Unsolicited Telecommunication Advertisement Act, 73 Pa. Stat. Ann. § 2250.3(a)(2) and (3) provides that:

> *No person may initiate a transmission or conspire with another person to initiate a transmission or assist a transmission of an unsolicited commercial* electronic mail message or *fax[1] from a computer or fax machine located in this Commonwealth* or to an electronic mail address *that:*
>> (2) includes false or misleading information in the return address portion of the electronic mail, facsimile or wireless advertisement such that the recipient would be unable to send a reply message to the original authentic sender; or
>> (3) contains false or misleading information in the subject line.

(emphasis added).

64. Defendant Stanley violated the Unsolicited Telecommunication Advertisement Act, 73 Pa. Stat. Ann. § 2250.3(a)(2) and (3), by initiating the transmission or conspiring with Defendants John Does 1-10 to initiate the transmission or assist the transmission of sending a fax (Exhibit A) to Plaintiff and Class members that contained false or misleading information in the return address and subject line of the fax advertisement such that Plaintiff and Class members were unable to send a reply message to the original authentic sender.

65. The fax that Defendants sent Plaintiff and Class members contains "false or misleading" information in violation of 73 Pa. Stat. Ann. § 2250.3(a)(2) and (3), since:

  a. Despite the fax stating that "JS Asphalt Paving" is "[l]icensed," "JS Asphalt Paving" as named in the fax is not a registered fictious name entity doing business within the Commonwealth *nor* is it registered or licensed as a home improvement contractor with the Pennsylvania Office of Attorney General;

  b. The timestamped machine-generated fax number (505-312-6933) that the fax was sent from is not contained anywhere in the body of the fax, and appears to be from a New Mexico ("505") area code, and upon the investigation by counsel, is no

---

[1] ""Fax." The transmission of the facsimile of a document through a connection with a telephone or computer network." 73 Pa. Stat. Ann. § 2250.2.

    longer in service and/or is disconnected; and

  c. Thus, there is no valid return fax number contained in the fax such that Plaintiff would be able to send a reply message back to the original authentic sender.

66. Pennsylvania's Unsolicited Telecommunication Advertisement Act, 73 Pa. Stat. Ann. § 2250.4(3) further provides that it shall be deemed a violation of this act for a person to:

> (3) *Assist in the transmission of a commercial electronic* mail message, *fax* or wireless *advertisement when the person providing the assistance knows or consciously avoids knowing that the initiator of the commercial* electronic mail message or *fax is engaged or intends to engage in any act or practice that violates the provisions of this act.*

67. Defendant Stanley violated the Unsolicited Telecommunication Advertisement Act, 73 Pa. Stat. Ann. § 2250.4(3), by assisting in the transmission of a commercial fax advertisement with Defendants John Does 1-10 when Defendant Stanley knew or consciously avoided knowing that the initiator of the commercial fax was engaged or intended to engage in any act or practice that violates the provisions of this act.

68. Defendant Stanley's violations of the Unsolicited Telecommunication Advertisement Act constitute *per se* violations of Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

69. UTPCPL, 73 Pa. Stat. Ann. § 201-3, provides that "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce as defined by subclauses (i) through (xxi) of clause (4) of section 2 of this act and regulations promulgated under section 3.1 of this act are hereby declared unlawful."

70. Plaintiff and Defendant Stanley are each considered a "person" under the UTPCPL. *See* 73 Pa. Stat. Ann. § 201-2(2).

71. Defendant Stanley engages in "trade" and "commerce" under UTPCPL. *See* 73 Pa.

Stat. Ann. § 201-2(3).

72. Under UTPCPL, 73 Pa. Stat. Ann. § 201-2(4)(xxi), "unfair methods of competition" and "unfair or deceptive acts or practices" mean any one or more of the following:

> (xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

73. Defendants engaged in fraudulent or deceptive conduct in violation of the UTPCPL by statutory virtue of its violations of the Unsolicited Telecommunication Advertisement Act by sending the fax (Exhibit A) to Plaintiff and Class members which created a likelihood of confusion or of misunderstanding based on the contents of the fax.

74. Defendant Stanley's violation of the Unsolicited Telecommunication Advertisement Act is itself a violation of the UTPCPL.

75. Wherefore, Plaintiff individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant Stanley and Defendants John Does 1-10.

## COUNT III

## CONVERSION

76. Plaintiff re-alleges and incorporates by reference all preceding allegations as if fully set forth herein.

77. By sending Plaintiff and Class members unsolicited advertisements by fax Defendants improperly and unlawfully converted their telephone lines, fax machines, toner and paper to Defendants' own use. Defendants also converted Plaintiffs' and Class members' time to Defendants' own use.

78. Immediately prior to the sending of the unsolicited faxes, Plaintiff and Class

members owned an unqualified and immediate right to possession and use of their telephone lines, fax machines, toner, and paper.

79. By sending the unsolicited faxes, Defendants permanently misappropriated Plaintiff's and Class members' telephone lines, fax machines, toner, and paper to Defendants' own use. Such misappropriation was wrongful and without authorization.

80. Defendants knew or should have known that their misappropriation of telephone lines, fax machines, toner, and paper was wrongful and without authorization.

81. Plaintiff and Class members were deprived of the use of the telephone lines, fax machines, toner, and paper which could no longer be used for any other purpose. Plaintiff and Class members thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendants.

82. Wherefore, Plaintiff individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant Stanley and Defendants John Does 1-10.

## RELIEF REQUESTED

Plaintiff, on behalf of all others similarly situated, requests that the Court enter judgment against Defendants including the following:

a. Determining that this matter may proceed as a class action and certifying the Class asserted herein;

b. Appointing Plaintiff as representative of the applicable Class and appointing Plaintiff's counsel as class counsel;

c. An award to Plaintiff and the Class of compensatory, consequential, statutory, and treble damages as set forth above, including under the TCPA monetary loss from such violations

or the sum of $500.00 in damages for each violation or $1,500.00 for each willful violation, whichever is greater;

    d.    Ordering injunctive relief enjoining Defendants from additional violations;

    e.    An award of attorneys' fees, costs, and expenses, as provided by law or equity;

    f.    An award of pre-judgment and post-judgment interest, as provided by law or equity;

and

    g.    Such other relief as the Court may allow.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Dated: August 26, 2020

Respectfully submitted,

*Anthony Christina*

Anthony M. Christina (PA ID No. 322528)
**LOWEY DANNENBERG, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
Tel: (215) 399-4770
Fax: (914) 997-0035
achristina@lowey.com

Christian Levis (*pro hac vice* forthcoming)
Amanda Fiorilla (*pro hac vice* forthcoming)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Counsel for Plaintiff and the Proposed Class*